SOAVE v DEPARTMENT OF EDUCATION

Docket No. 69392. Submitted June 6, 1984, at Grand Rapids.—Decided October 3, 1984.

Carl A. Soave, a former participant in a joint federal-state program providing vocational rehabilitation services to handicapped persons, requested that the Michigan Department of Education, which administered the program, provide him an opportunity to view the entire contents of his closed vocational rehabilitation file. The department allowed Soave only a limited review of his file on the basis that release of some of the records to Soave would be harmful unless released to him in the context of a therapeutic relationship. Soave filed suit against the Department of Education in Kent Circuit Court seeking release of all his records under the Michigan Freedom of Information Act. Defendant moved for summary judgment on the ground that the undisclosed records were exempted from disclosure under the Freedom of Information Act by federal regulation. The court, Woodrow A. Yared, J., granted defendant's motion for summary judgment. Plaintiff appeals. *Held:*

The state's vocational rehabilitation program plan must meet the guidelines of the federal Rehabilitation Act of 1973 and the regulations promulgated thereunder in order to receive federal funding for the program. At the time defendant sought disclosure of his records federal regulations specifically exempted from disclosure the records sought by plaintiff. Because agency regulations promulgated by the federal government have the force of federal statutory law and because public bodies may exempt from disclosure as a public record under the Freedom of Information Act records or information specifically described

REFERENCES FOR POINTS IN HEADNOTES

[1] 66 Am Jur 2d, Records and Recording Laws §§ 23, 36.

What are matters "specifically exempted from disclosure by statute" under Freedom of Information Act (5 USCS § 552(b)(3)). 45 L Ed 2d 763.

What statutes specifically exempt agency records from disclosure, under 5 USCS § 552(b)(3). 47 ALR Fed 439.

Patient's right to disclosure of his or her own medical records under state freedom of information act. 26 ALR4th 701.

[2] 2 Am Jur 2d, Administrative Law § 295.

and exempted from disclosure by statute, the trial court did not err in granting defendant's motion for summary judgment. Affirmed.

1. RECORDS — FREEDOM OF INFORMATION ACT — PUBLIC BODIES — EXEMPTIONS FROM DISCLOSURE.

A public body may exempt from disclosure as a public record under the Freedom of Information Act records or information specifically described and exempted from disclosure by statute (MCL 15.243[1][d]; MSA 4.1801[13][1][d]).

2. STATUTES — FEDERAL LAW — AGENCY REGULATIONS.

Agency regulations promulgated by the federal government have the force of federal statutory law.

Carl A. Soave, *In Propria Personal.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young* and *Richard P. Gartner,* Assistants Attorney General, for defendant.

Before: J. H. GILLIS, P.J., and M. J. KELLY and C. H. MULLEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's grant of summary judgment in defendant's favor, which upheld defendant's determination that certain records contained in defendant's file on plaintiff were exempted from disclosure under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.*

We affirm.

Defendant administers a joint federal-state program providing vocational rehabilitation services to handicapped persons. The operative state legislation is the Rehabilitation Act of 1964, MCL 395.81. *et seq.;* MSA 15.859(1) *et seq.* The state's program plan must meet the guidelines of the federal legislation, the Rehabilitation Act of 1973,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

29 USC 701 *et seq.,* and the regulations promulgated thereunder. These regulations were compiled at 45 CFR 1361.1 *et seq.* at the time defendant made its decision to withold the requested information in the instant case. These are now compiled at 34 CFR 361.1 *et seq.*

Plaintiff was a former participant in this vocational rehabilitation program. In 1977, his participation ceased. In 1980, plaintiff requested an opportunity to view the entire contents of his closed vocational rehabilitation file. Defendant, however, allowed plaintiff only a limited review of his file on the basis that in the professional judgment of the assistant district office supervisor, release of some of the records to plaintiff would be harmful unless released to him in the context of a therapeutic relationship.

The federal Rehabilitation Act of 1973, *supra,* was enacted to create programs of vocational rehabilitation and provides for federal funding of a state's rehabilitation program. To receive federal funding, a state must comply with requirements set forth in the federal act which includes complying with regulations promulgated by the commissioner of the rehabilitation services administration under the authority of 29 USC 711(c).

At the time defendant made its decision to withhold the information sought by plaintiff, 45 CFR 1361.47 was in effect, which read as follows:

"(a) The State plan shall provide that the State agency will adopt and implement such regulations as are necessary to assure that:

\* \* \*

"(5) Upon written request, information may be released to the client or, as appropriate, his parent, guardian or other representative, and shall be released to such client, parent, guardian, or other representative

for purposes in connection with any proceeding or action for benefits or damages, including any proceeding or action against any public agency: Provided, (i) That only such information as is relevant to the needs of the client shall be release, and (ii) in the case of medical or phychological information, the knowledge of which may be harmful to the client, such information will be released to the parent, guardian, or other representative of the client by the State agency, or to the client by a physician or by a licensed or certified psychologist * * *."

Defendant and the trial judge held that the regulation was a statute specifically describing and exempting the records sought by plaintiff. Thus, they concluded that the records were exempt from disclosure pursuant to § 13 of the FOIA, MCL 15.243(1)(d); MSA 4.1801(13)(1)(d), which provides that a public body may exempt from disclosure as a public record under the act records or information specifically described and exempted from disclosure by statute. Since agency regulations promulgated by the federal government have the force of federal statutory law, *Wyoming Hospital Ass'n v Harris,* 527 F Supp 551, 557 (D Wy, 1981), reliance upon a federal regulation to exempt a document is proper.

That disclosure of the information to plaintiff might have been harmful is supported by both the testimony of the assistant district office supervisor, who is also a professional counselor and who had access to and reviewed the file in question, and the testimony of a psychiatrist who, based on a hypothetical situation concerning an individual with traits and a history similar to plaintiff's, testified that in his opinion release of the information would be harmful to such a person.

Our disposition of the above issue makes it unnecessary to address the other issues raised by plaintiff on appeal.

Affirmed.