# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN v CALHOUN COUNTY SHERIFF'S OFFICE

Docket No. 163235. Decided February 4, 2022.

The American Civil Liberties Union of Michigan (the ACLU) filed a complaint in the Calhoun Circuit Court against the Calhoun County Jail; the ACLU subsequently filed an amended complaint naming the Calhoun County Sheriff's Office (the CCSO) as the defendant. The ACLU alleged that the CCSO violated Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, when it denied the ACLU's request for documents under FOIA. The ACLU sought disclosure of all records related to the December 2018 detention of United States citizen Jilmar Benigno Ramos-Gomez. Ramos-Gomez's three-day detention at the Calhoun County Correctional Facility occurred pursuant to an Intergovernmental Service Agreement executed between United States Immigration and Customs Enforcement (ICE) and the jail. The CCSO denied the ACLU's request, asserting that the requested records were exempt from disclosure under MCL 15.243(1)(d) because they related to an ICE detainee. The ACLU filed its amended complaint, and the CCSO moved for summary disposition, arguing that the ACLU's FOIA request was appropriately denied under MCL 15.243(1)(d) because the records and information sought by the ACLU were not public records subject to disclosure by the CCSO under 8 CFR 236.6 and 81 Fed Reg 72080 (October 19, 2016). The CCSO cited *Soave v Dep't of Ed*, 139 Mich App 99 (1984), in support of its position that MCL 15.243(1)(d) includes federal regulations. The ACLU filed a cross-motion for partial summary disposition. The court, John A. Hallacy, J., granted the CCSO's motion for summary disposition, ruling that it did not have the authority to order the CCSO to disclose the records in light of MCL 15.243(1)(d) and 8 CFR 236.6 and that the ACLU's exclusive remedy was to request the records from ICE. The ACLU appealed in the Court of Appeals, and the Court of Appeals, MURRAY, C.J., and M. J. KELLY and RICK, JJ., affirmed, holding that 8 CFR 236.6 constituted a basis to exempt public records from disclosure under MCL 15.243(1)(d). *American Civil Liberties Union of Mich v Calhoun Co Jail*, unpublished per curiam opinion of the Court of Appeals, issued March 25, 2021 (Docket No. 352334). In so ruling, the Court of Appeals relied on *Mich Council of Trout Unlimited v Dep't of Military Affairs*, 213 Mich App 203 (1995), which cited *Soave*. The ACLU moved for reconsideration, and the Court of Appeals denied the motion. The ACLU sought leave to appeal.

In a unanimous opinion by Justice ZAHRA, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

A regulation cannot serve as the basis for exempting from disclosure public records under MCL 15.243(1)(d) because a regulation is not a statute; *Soave* and *Trout Unlimited* were overruled insofar as those cases ignored the Legislature's deliberate linguistic choice in MCL 15.243(1)(d). FOIA requires disclosure of the public records of a public body to persons who request to inspect, copy, or receive copies of those requested public records. However, FOIA sets forth a series of exemptions granting the public body the discretion to withhold a public record from disclosure if it falls within one of the exemptions. MCL 15.243(1)(d) provides, in relevant part, that a public body may exempt from disclosure as a public record records or information specifically described and exempted from disclosure by statute. In this case, the CCSO invoked federal law, 8 CFR 236.6, in denying the ACLU's FOIA request. 8 CFR 236.6 provides, in relevant part, that no person, including any state or local government entity or any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of ICE (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee. 8 CFR 236.6 further provides that this information shall be under the control of ICE and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations, and executive orders and that insofar as any documents or other records contain such information, those documents shall not be public records. The Court of Appeals erred by holding that "exempted from disclosure by statute" in MCL 15.243(1)(d) really meant exempted from disclosure by statute *or regulation*. The Court of Appeals relied on the fact that a federal regulation has the legal force of a federal statute; however, a federal regulation is not a federal statute. Moreover, the Court of Appeals holding was at odds with the plain language of MCL 15.243(1)(d). When MCL 15.243(1)(d) was enacted, the relevant definition of "statute" was "[a]n act of the legislature declaring, commanding, or prohibiting something; a particular law enacted and established by the will of the legislative department of government; the written will of the legislature, solemnly expressed according to the forms necessary to constitute it the law of the state." Accordingly, a regulation promulgated by an executive-branch agency is not a statute. Had the Legislature wanted a regulation to be a basis for exemption, it could have easily included two additional words in MCL 15.243(1)(d): "or regulation." The Legislature has done just that in various other statutes. Therefore, an exemption that only uses the word "statute" is plainly different from an exemption that uses the words "statute or regulation" or "statute or court rule." Moreover, the procedure for creating a statute differs from that of creating a regulation, and that difference in process further supported the conclusion that a regulation is not a statute and that a regulation cannot serve as a basis for exempting public records from disclosure under MCL 15.243(1)(d). Finally, with regard to the caselaw, *Trout Unlimited* did not engage in an independent analysis of whether a federal regulation can serve as a basis for exempting public records from disclosure under MCL 15.243(1)(d); *Trout Unlimited* merely cited *Soave*, which itself relied on a federal district court case to conclude that reliance on a federal regulation to exempt a document under MCL 15.243(1)(d) was proper. Accordingly, *Soave* and *Trout Unlimited* were overruled insofar as those cases ignored the Legislature's deliberate linguistic choice in MCL 15.243(1)(d).

Court of Appeals holding reversed, *Soave* and *Trout Unlimited* overruled as to their erroneous interpretations of MCL 15.243(1)(d), and case remanded to the Calhoun Circuit Court.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED February 4, 2022

S T A T E   O F   M I C H I G A N

SUPREME COURT

AMERICAN CIVIL LIBERTIES UNION
OF MICHIGAN,

Plaintiff-Appellant,

v                                                                      No. 163235

CALHOUN COUNTY SHERIFF'S
OFFICE,

Defendant-Appellee.

BEFORE THE ENTIRE BENCH

ZAHRA, J.

This action involves a request for documents under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.* Pursuant to the express terms of that act, certain information may be exempted from disclosure. One exemption is found in MCL 15.243(1)(d), which provides that "[a] public body may exempt from disclosure . . . [r]ecords or information specifically described and exempted from

disclosure by statute." We must decide whether a federal regulation with a nondisclosure component, 8 CFR 236.6 (2021),[1] can be the basis for exempting public records from disclosure under MCL 15.243(1)(d). We hold that it cannot, for the simple reason that a regulation is not a statute. We reverse the Court of Appeals' holding to the contrary, and we overrule *Soave v Dep't of Ed*[2] and *Mich Council of Trout Unlimited v Dep't of Military Affairs*[3] as to their erroneous interpretations of MCL 15.243(1)(d). We remand this case to the Calhoun Circuit Court for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff, the American Civil Liberties Union of Michigan (the ACLU), submitted a January 23, 2019 FOIA request[4] to defendant, the Calhoun County Sheriff's Office (the CCSO),[5] seeking disclosure of all records related to the December 2018 detention of United

---

[1] 8 CFR 236.6 (2021) provides that certain persons and entities are not permitted to "disclose or otherwise permit to be made public the name of, or other information relating to, [Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE)] detainee[s]."

[2] *Soave v Dep't of Ed*, 139 Mich App 99, 102; 360 NW2d 194 (1984).

[3] *Mich Council of Trout Unlimited v Dep't of Military Affairs*, 213 Mich App 203, 218, 220; 539 NW2d 745 (1995).

[4] The ACLU's FOIA request was initially submitted on January 17, 2019, and was subsequently amended on January 23, 2019.

[5] The Court of Appeals opinion suggested that the Calhoun County Correctional Facility is the defendant but also stated in a footnote that the CCSO is the proper defendant. See *American Civil Liberties Union of Mich v Calhoun Co Jail*, unpublished per curiam opinion of the Court of Appeals, issued March 25, 2021 (Docket No. 352334), p 1 n 1. In its application for leave to appeal, the ACLU states that it filed an amended complaint naming the CCSO as the defendant. This is accurate. Accordingly, we refer to the CCSO as the defendant.

2

States citizen Jilmar Benigno Ramos-Gomez.[6] Ramos-Gomez's three-day detention at the Calhoun County Correctional Facility occurred pursuant to an Intergovernmental Service Agreement (IGSA) executed between United States Immigration and Customs Enforcement (ICE) and the jail.[7] The CCSO denied the ACLU's request, asserting that the requested records were exempt from disclosure under MCL 15.243(1)(d) because they related to an ICE detainee.[8]

The ACLU filed a complaint in the Calhoun Circuit Court, alleging that the CCSO violated FOIA by denying its request. In response, the CCSO moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted) and (10) (no genuine issue of material fact), arguing that the ACLU's FOIA request was appropriately denied under MCL 15.243(1)(d) because the records and information sought by the ACLU were not public records subject to disclosure by the CCSO under 8 CFR

---

[6] Ramos-Gomez was carrying both a United States passport and a Michigan REAL ID.

[7] IGSAs are basically bed-space contracts. People detained under them are in federal custody. In Michigan, however, all such individuals are housed in county jails alongside detainees of the state's criminal-justice system. According to the ACLU, in Calhoun, "ICE detainees are indistinguishable from the criminal detainees." IGSAs are distinct from detainers, which are requests by ICE for a state or local facility to continue a person's detention for a period of time until ICE can take the person into custody. Persons held on detainers are in state or local custody, not ICE custody. ICE issues a detainer to whatever law-enforcement agency it believes is holding an individual whom ICE wishes to arrest. In other words, any jail in Michigan can receive an ICE detainer.

[8] The ACLU also sent a federal FOIA request to ICE. When ICE did not respond, the ACLU filed suit in federal court. According to the ACLU, although ICE provided the ACLU with some of the requested records, the vast majority of records requested from ICE were not produced because ICE did not have them, including Calhoun's custody, disciplinary, and medical and mental health records, as well as audio and video recordings and other documents showing interactions between Ramos-Gomez and the jail staff.

236.6 and 81 Fed Reg 72080 (October 19, 2016).  The CCSO cited *Soave*[9] in support of its position that MCL 15.243(1)(d) includes federal regulations.  The ACLU filed a cross-motion for partial summary disposition under MCR 2.116(C)(9) (failure by the opposing party to state a valid defense to the claim asserted) and (10).

The circuit court granted the CCSO's motion for summary disposition and denied the ACLU's cross-motion for partial summary disposition.  The circuit court ruled that it did not have the authority to order the CCSO to disclose the records in light of MCL 15.243(1)(d) and 8 CFR 236.6 and that the ACLU's exclusive remedy was to request the records from ICE.

The ACLU appealed in the Court of Appeals, and the Court of Appeals affirmed.[10] The Court of Appeals held that the federal regulation at issue, 8 CFR 236.6—which was promulgated by the Department of Homeland Security (DHS) Secretary pursuant to a federal statute, the Immigration and Nationality Act, 8 USC 1101 *et seq*.—constitutes a basis to exempt public records from disclosure under MCL 15.243(1)(d), which provides for exemption of records or information as "a public record" when such records or information are specifically described and exempted from disclosure by statute.  In so ruling, the Court of Appeals relied on *Trout Unlimited*,[11] which itself cited *Soave*,[12] and it

---

[9] *Soave*, 139 Mich App at 102.

[10] *American Civil Liberties Union of Mich v Calhoun Co Jail*, unpublished per curiam opinion of the Court of Appeals, issued March 25, 2021 (Docket No. 352334).

[11] *Trout Unlimited*, 213 Mich App at 218, 220.

[12] *Soave*, 139 Mich App at 102.

4

rejected the ACLU's reliance on *Detroit Free Press, Inc v Warren*.[13]  The ACLU moved for reconsideration, and the Court of Appeals denied the motion.  Thereafter, the ACLU sought leave to appeal in this Court.  Concluding that oral argument is unnecessary to resolve the dispute presented by this case, we reverse the Court of Appeals judgment for the reasons stated in this opinion.

## II.  STANDARD OF REVIEW

The interpretation of state or federal regulations is a question of law that is reviewed de novo.[14]  Statutory interpretation is also a question of law that we review de novo.[15]  "The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language."[16]  The first step in that determination is to review the language of the statute itself.[17]  When statutory language is unambiguous, no further judicial construction is required or permitted because the Legislature is presumed to have intended the meaning it plainly expressed by the words it chose.[18]

---

[13] *Detroit Free Press, Inc v Warren*, 250 Mich App 164, 171; 645 NW2d 71 (2002).

[14] *In re LFOC*, 319 Mich App 476, 480; 901 NW2d 906 (2017).  Accord *United Parcel Serv, Inc v Bureau of Safety & Regulation*, 277 Mich App 192, 202; 745 NW2d 125 (2007) ("The interpretation and application of statutes and government regulations adopted pursuant to statutory authority present questions of law, which we review de novo.").

[15] *Dep't of Talent & Economic Development/Unemployment Ins Agency v Great Oaks Country Club, Inc*, 507 Mich 212, 226; ___ NW2d ___ (2021).

[16] *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011) (quotation marks and citation omitted).

[17] *Id*. (quotation marks and citation omitted).

[18] *2 Crooked Creek, LLC v Cass Co Treasurer*, 507 Mich 1, 9; ___ NW2d ___ (2021) ("When the statutory language is clear and unambiguous, judicial construction is not

5

This Court reviews de novo a trial court's decision on a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law.[19]  In this case, the trial court did not expressly indicate whether it granted defendant's motion under MCR 2.116(C)(8) or (10), but because it considered affidavits and documentary evidence beyond the pleadings, we can fairly surmise that it granted the motion under MCR 2.116(C)(10).[20]  A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint.[21]  When faced with such a motion, a trial court

> considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion.  Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.[22]

---

permitted and the statute is enforced as written.") (quotation marks and citation omitted). See also *People v Pinkney*, 501 Mich 259, 268; 912 NW2d 535 (2018).

[19] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[20] When a trial court considers "documentary evidence beyond the pleadings" and does not specify under which subrule of MCR 2.116 it granted summary disposition, "we construe the motion as having been granted pursuant to MCR 2.116(C)(10)." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).  See also MCR 2.116(G)(2) ("Except as to a motion based on subrule (C)(8) or (9), affidavits, depositions, admissions, or other documentary evidence may be submitted by a party to support or oppose the grounds asserted in the motion."); MCR 2.116(G)(5) ("The affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties, must be considered by the court when the motion is based on subrule (C)(1)-(7) or (10).  Only the pleadings may be considered when the motion is based on subrule (C)(8) or (9).").

[21] *Maiden*, 461 Mich at 120.

[22] *Id*.

III. ANALYSIS

FOIA is a prodisclosure statute.[23] It "requires disclosure of the 'public record[s]' of a 'public body' to persons who request to inspect, copy, or receive copies of those requested public records."[24] "However, § 13 of FOIA sets forth a series of exemptions granting the public body the discretion to withhold a public record from disclosure if it falls within one of the exemptions."[25] The exemption at issue in this case, MCL 15.243(1)(d), provides, in relevant part, "A public body may exempt from disclosure as a public record . . . [r]ecords or information specifically described and exempted from disclosure by *statute*."[26] A public body may withhold public records only when it has been proven that an exemption applies.[27] If a FOIA request is denied and the requesting party

---

[23] MCL 15.231(2) (providing that "all persons . . . are entitled to full and complete information regarding the affairs of government"); see also *Herald Co v Bay City*, 463 Mich 111, 119; 614 NW2d 873 (2000).

[24] *Mich Federation of Teachers & Sch Related Personnel, AFT, AFL-CIO v Univ of Mich*, 481 Mich 657, 664-665; 753 NW2d 28 (2008), citing MCL 15.231(2), MCL 15.232(d) and (e), and MCL 15.233. In this case, it is undisputed that, for FOIA purposes, the CCSO is a "public body," see MCL 15.232(h), and that the ACLU's requests from it are for "public record[s]," see MCL 15.232(i).

[25] *Mich Federation of Teachers*, 481 Mich at 665, citing MCL 15.243 and *Herald Co*, 463 Mich at 119 n 6.

[26] Emphasis added.

[27] *Landry v Dearborn*, 259 Mich App 416, 419-420; 674 NW2d 697 (2003). In addition, FOIA's exemptions "must be narrowly construed to serve the policy of open access to public records." *Mich Open Carry, Inc v Mich State Police*, 330 Mich App 614, 625; 950 NW2d 484 (2019).

commences an action to compel disclosure of a public record, the public body bears the

burden of sustaining its decision to withhold the requested record from disclosure.[28]

In this case, the CCSO invoked federal law in denying the ACLU's FOIA request.

Under the Immigration and Nationality Act, the DHS Secretary "shall have control,

direction, and supervision of all employees and of all the files and records of the Service,"[29]

and the Secretary "shall establish such regulations; . . . issue such instructions; and perform

such other acts as he deems necessary for carrying out his authority under the provisions

of this chapter."[30]  Pursuant to those provisions, the Secretary promulgated 8 CFR 236.6,

which provides:

> No person, including any state or local government entity or any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of the Service[31] (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, *shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee*.  Such information shall be under the control of the Service and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders.  Insofar as any documents or other records contain such information, such documents shall not be public records.  This section applies to all persons and information identified or described in it, regardless of when such persons obtained such information, and applies to

---

[28] *Mich Federation*, 481 Mich at 665, citing MCL 15.240(4).

[29] 8 USC 1103(a)(2).

[30] 8 USC 1103(a)(3).

[31] "Service" means "U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, and/or U.S. Immigration and Customs Enforcement, as appropriate in the context in which the term appears."  See 8 CFR 1.2.

all requests for public disclosure of such information, including requests that are the subject of proceedings pending as of April 17, 2002.[32]

The Court of Appeals erred by holding that "exempted from disclosure by statute" in MCL 15.243(1)(d) really means "exempted from disclosure by statute *or regulation*."[33] In reaching this conclusion, the Court of Appeals relied on the fact that a federal regulation has the legal force of a federal statute.[34] But it does not logically follow that a federal regulation therefore *is* a federal statute. More importantly, the Court of Appeals holding is at odds with the plain language of MCL 15.243(1)(d). When this statute was enacted, the relevant definition of "statute" was "[a]n act of the legislature declaring, commanding, or prohibiting something; a particular law enacted and established by the will of the legislative department of government; the written will of the legislature, solemnly expressed according to the forms necessary to constitute it the law of the state."[35] A regulation promulgated by an executive-branch agency is therefore not a statute. If the Legislature wanted a regulation to be a basis for exemption, it would have included language to that effect. But it did not, and we interpret the statute as written.[36]

---

[32] Emphasis added.

[33] See *American Civil Liberties Union of Mich*, unpub op at 5, citing *Trout Unlimited*, 213 Mich App at 218, 220, relying on *Soave*, 139 Mich App at 102.

[34] See *Wickey v Employment Security Comm*, 369 Mich 487, 500; 120 NW2d 181 (1963).

[35] *Black's Law Dictionary* (4th ed).

[36] *2 Crooked Creek, LLC*, 507 Mich at 9 ("When the statutory language is clear and unambiguous, judicial construction is not permitted and the statute is enforced as written.") (quotation marks and citation omitted). See also 73 Am Jur 2d, Statutes (November 2021 update), § 107.

9

In general, the procedure for creating a statute differs from that of creating a regulation. That difference in process further supports our conclusion that a regulation is not a statute and that a regulation cannot serve as a basis for exempting public records from disclosure under MCL 15.243(1)(d). At the federal level, for a bill to become law, it must clear the constitutionally mandated hurdle of bicameralism and presentment: a bill must be passed by a simple majority vote of both houses of Congress and then be signed into law by the President or, alternatively, be passed into law by a two-thirds vote of both houses of Congress either in the first instance or following a presidential veto.[37] In contrast, in the context of federal regulations, an executive agency can unilaterally promulgate a regulation pursuant to its authority derived from its organic statute(s)[38] and in accordance with the requirements of the Administrative Procedure Act, 5 USC 500 *et seq.*[39] The same basic dichotomy exists in Michigan.[40]

---

[37] See US Const, art I, § 7.

[38] *Natural Resources Defense Council, Inc v US Environmental Protection Agency*, 273 US App DC 180, 193; 859 F2d 156 (1988) ("Any action taken by a federal agency must fall within the agency's appropriate province under its organic statute(s)."). See also *Chevron, USA, Inc v Natural Resources Defense Council, Inc*, 467 US 837, 842-843; 104 S Ct 2778; 81 L Ed 2d 694 (1984).

[39] See *Perez v Mtg Bankers Ass'n*, 575 US 92, 95-97; 135 S Ct 1199; 191 L Ed 2d 186 (2015) (briefly outlining the rulemaking process of the federal Administrative Procedure Act); accord Office of the Federal Register, *A Guide to the Rulemaking Process* (2011), available at <https://www.federalregister.gov/uploads/2011/01/the_rulemaking_process.pdf> (accessed December 29, 2021) [https://perma.cc/T6T7-36RZ]; Congressional Research Service, *An Overview of Federal Regulations and the Rulemaking Process* (March 19, 2021), available at <https://sgp.fas.org/crs/misc/IF10003.pdf> (accessed December 29, 2021) [https://perma.cc/T8VJ-Z5ZC].

[40] See Const 1963, art 4, §§ 22, 24, 26, and 33 (establishing the legislative process in Michigan). Cf. *Detroit Base Coalition for Human Rights of the Handicapped v Dep't of*

Had the Legislature wanted to "exempt from disclosure as a public record . . . [r]ecords or information specifically described and exempted from disclosure" either by statute *or by regulation*, it could have easily done so simply by including two additional words in MCL 15.243(1)(d): "or regulation." Indeed, the Legislature has proven itself capable of doing exactly that in various other statutes. For example, MCL 400.105b(6) provides that "[t]he department of community health shall not implement incentives under this section that conflict with [a] federal *statute or regulation*."[41] And MCL 409.118 provides that employment of a minor "shall not be in violation of a federal *statute or regulation* . . . ."[42] Similar examples of the Legislature's understanding that a statute is not a regulation abound.[43] What's more, the Legislature has also provided for a

---

*Social Servs*, 431 Mich 172, 177-178; 428 NW2d 335 (1988) (noting that Michigan's APA "requires public hearings, public participation, notice, approval by the joint committee on administrative rules, and preparation of statements, with intervals between each process").

[41] Emphasis added.

[42] Emphasis added.

[43] See, e.g., MCL 400.589(2)(i) (providing that an area agency on aging may take actions "in compliance with the policies, guidelines, or rules as set forth by federal or state *statute and regulation*") (emphasis added); MCL 408.101 (providing that all the Michigan Workforce Investment Board's members "shall be individuals with optimum policymaking authority within the organizations, agencies or entities that they represent as required by federal *statute and regulation*") (emphasis added); MCL 600.2974(2)(a) (providing that "civil liability for personal injury or death [is not precluded] based on . . . [a] material violation of an adulteration or misbranding requirement prescribed by a *statute or regulation* of this state or the United States that proximately caused the injury or death") (emphasis added); MCL 21.272(k) (providing that the governor shall report "[t]o the extent available from published statistical data, estimated cost of the following [listed] items not taxed by this state due to federal *statute or regulation*") (emphasis added); MCL 440.9311(1)(a) (describing an exemption from the necessity of filing a financing statement when "[a] *statute*, *regulation*, or treaty of the United States" is at issue) (emphasis added); MCL 324.503(10)(d) (providing that the requirement for the Department of Natural

11

nonstatutory basis for exemption in FOIA itself. Four subdivisions beneath MCL 15.243(1)(d), MCL 15.243(1)(h) provides, in relevant part, that "[a] public body may exempt from disclosure as a public record . . . [i]nformation or records subject to the physician-patient privilege, the psychologist-patient privilege, the minister, priest, or Christian Science practitioner privilege, or other privilege recognized by *statute or court rule*."[44] An exemption that only uses the word "statute" is plainly different from an exemption that uses the words "statute or regulation" or "statute or court rule." As simple as it would have been for the Legislature to include in MCL 15.243(1)(d) just two additional words—"or regulation"—their absence here is dispositive. We are bound to respect the Legislature's linguistic choice,[45] and we thereby conclude that a regulation cannot be the basis for exemption under the plain language of MCL 15.243(1)(d) because a regulation is not a statute.

Finally, we assess the applicability of the two cases on which the Court of Appeals relied, and the one it rejected, to reach its holding in this case: that a federal regulation can

---

Resources to "provide a copy of [an] order to the relevant legislative committees . . . does not apply to an order that does not alter the substance of a lawful provision that exists in the form of a *statute*, rule, *regulation*, or order at the time the order is prepared") (emphasis added); MCL 333.5477(2) (providing that "[t]he application of sanctions [to persons who engage in a lead-based paint activity in violation of the Public Health Code] does not preclude the application of other sanctions or penalties contained in the provisions of any other federal, state, or political subdivision *statute*, rule, *regulation*, or ordinance") (emphasis added).

[44] Emphasis added.

[45] *2 Crooked Creek, LLC*, 507 Mich at 9 ("When the statutory language is clear and unambiguous, judicial construction is not permitted and the statute is enforced as written.") (quotation marks and citation omitted).

serve as a basis for exempting public records from disclosure under MCL 15.243(1)(d). The Court of Appeals cited *Trout Unlimited*, but that case did not engage in independent analysis of this question.[46] Instead, *Trout Unlimited* merely cited *Soave*, which itself reasoned that "[s]ince agency regulations promulgated by the federal government have the force of federal statutory law, *Wyoming Hospital Ass'n v Harris*, 527 F Supp 551, 557 (D Wy, 1981), reliance upon a federal regulation to exempt a document [under MCL 15.243(1)(d)] is proper."[47] The Court of Appeals also rejected the ACLU's reliance on *Detroit Free Press*, which held that because "MCL 15.243(1)(d) plainly includes only statutes, and not rules of procedure, F R Crim P 6(e) cannot serve as a basis for exemption" under MCL 15.243(1)(d).[48] The Court of Appeals' rationale for following *Trout Unlimited* and *Soave* rather than *Detroit Free Press* to hold that a federal regulation can be the basis for an exemption under MCL 15.243(1)(d) boils down to its observation that federal regulations have the force and effect of federal statutory law, unlike the federal rules of criminal procedure at issue in *Detroit Free Press*. For the reasons already expressed, we reject this distinction on the basis of the plain text of MCL 15.243(1)(d).[49] Consequently,

---

[46] See *Trout Unlimited*, 213 Mich App at 218, 220.

[47] *Soave*, 139 Mich App 102.

[48] *Detroit Free Press*, 250 Mich App at 171.

[49] Moreover, we question the Court of Appeals' premise—that the federal rules of criminal procedure lack the full force of federal law, which makes them unlike federal regulations for purposes of MCL 15.243(1)(d)—in distinguishing this case from *Detroit Free Press*. In truth, the federal rules of criminal procedure are just as binding as federal regulations. See *United States v Marion*, 562 F3d 1330, 1339 (CA 11, 2009) ("The Federal Rules of Criminal Procedure have the force and effect of law. Just as a statute, the requirements promulgated in these Rules must be obeyed.") (quotation marks and citation omitted);

13

we overrule *Soave* and *Trout Unlimited*, which perfunctorily cited *Soave*, insofar as those cases ignored the Legislature's deliberate linguistic choice in MCL 15.243(1)(d).

## IV. CONCLUSION

A regulation cannot serve as the basis for exempting from disclosure public records under MCL 15.243(1)(d) because a regulation is not a statute. Accordingly, we reverse the Court of Appeals' holding to the contrary, and we overrule *Soave* and *Trout Unlimited* as to their erroneous interpretations of MCL 15.243(1)(d). We remand this case to the Calhoun Circuit Court for further proceedings.

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

*United States v Cowan*, 524 F2d 504, 505 (CA 5, 1975) ("The Federal Rules of Criminal Procedure have the force and effect of law. Just [like] a statute . . . ."), quoting *Dupoint v United States*, 388 F2d 39, 44 (CA 5, 1967).

14